three arguments expressly "repeat and re-allege[ ]" the various allegations contained in Muhammed's trial-level pleadings. *See* Pl.-Appellant's Br. at 12–14. Her fourth and final argument submits that the trial court's dismissal was "not acceptable due to the seriousness and magnitude of the case," but provides no further elaboration. *See id.* at 14.

As we observed in *Muhammed Civ IV*, an appellate brief that does not identify a single specific district court error is, in practical effect, the same as no appellate brief at all. 460 Fed.Appx. at 342 (citing *Grant*, 59 F.3d at 525; *Brinkmann*, 813 F.2d at 748). Accordingly, Muhammed's appellate brief is insufficient for her to maintain her appeal.

## IV. CONCLUSION

For the foregoing reasons, we DISMISS Muhammed's appeal for failure to prosecute.

Before DeMOSS, STEWART, and GRAVES, Circuit Judges.

PER CURIAM: *

In this criminal case, the district court imposed sentence and entered judgment on January 11, 2002. On October 7, 2011, the petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) challenging the district court's subject matter jurisdiction. The district court denied the motion and the plaintiff appealed. Because the Rules of Civil Procedure apply only to civil cases, "the district court did not err in denying Alexander's Rule 60(b) motion." *United States v. Alexander*, 242 Fed.Appx. 202, 202 (5th Cir.2007). AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Christopher ALEXANDER,**
**Defendant–Appellant.**

No. 12–10572.

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 2012.

Christopher Alexander, USP Beaumont, Beaumont, TX, for Defendant–Appellant.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Charles Wesley SNELLGROVE,**
**Defendant–Appellant.**

No. 11–41163
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 2012.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.